THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ FLORES, Defendant and Appellant.

No. 5696.. Argued May 29, 1935.—Decided June 3, 1935.

*Pedro Baigés Gómez* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

José Flores took this appeal from a judgment sentencing him to thirty days in jail for embezzlement. The ground for his appeal is that the complaint filed against him does not charge him with any crime, for which reason it should be dismissed. The prosecuting attorney (*Fiscal*) of this court agrees with the contention of the appellant.

The complaint in question reads as follows:

"I, Rafael Martínez Peña, resident of San Juan, P. R., Avenida Ponce de León, No. 212, of age, charge José Flores with the offense of embezzlement, committed as follows: That on some day between October 25, 1933 and June 4, 1934, in Mayagüez, P. R., in the Municipal Judicial District of Mayagüez, P. R., the said defendant José Flores, maliciously, unlawfully, wilfully and criminally, with the deliberate intent of defrauding, as he did defraud, the complainant, Rafael Martínez Peña, appropriated and disposed of a living-room set No. 745–7, valued at $35, which was entrusted to the said defendant José Flores by virtue of a conditional sale contract entered into by him with Méndez López & Co., Succrs., also doing business under the name of Borinquen Furniture Co., which contract was ass'gned by th's Company to the complainant who, upon enforcing the contract for default in payment, and upon obtaining an order for repossession of the goods to be executed by the Marshal of this Municipal Court of Mayagüez, P. R., could not enforce or execute it because the defendant José Flores stated to the said officer that he did not deliver the said property because he did not have it, that he had not bought such property from the plaintiff, that he had never signed any conditional sale contract with the plaintiff in this case, the truth being that the said defendant José Flores sold said living room set No. 745–7, to Genaro Bassat and in this way the aforesaid defendant disposed of the said set of furniture and of its price, value, and proceeds, us'ng it for his own and private benefit and thus defrauding the complainant Rafael Martínez Peña, as assignee, of the sum of $31, legal currency of the United States of América."

This complaint, in brief, charges Flores with having sold to a third person several pieces of living-room furniture, which he had purchased on a contract of conditional sale, before he had paid the entire purchase price, thereby causing damage to the complainant in the amount of $31.

Act No. 61 of 1916 (Session Laws, p. 123), section 6 of which was amended by Act No. 40 of 1925 (Session Laws p. 246), and sections 4 and 10 thereof by Act No. 88 of 1925 (Session Laws p. 670), authorizes contracts of sale of personal property upon condition that the title thereto is to remain in the conditional seller until such property shall have been fully paid for, or until the occurrence of any future event or contingency. There is no provision in the said act which makes it a crime for the buyer of goods so. acquired to sell them to a third person before having fully paid for the price of the conditional sale, for which reason we must turn to the Penal Code to determine whether or not the act committed by the defendant constitutes the crime of embezzlement of which he was convicted.

The essential element of the crime of embezzlement is the fiduciary relation between the injured party and the accused. *People* v. *Vélez*, 37 P.R.R. 840. For this reason section 445 of the Penal Code says in its English text that embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted. This relation of confidence or trust does not exist in this case, because the livingroom furniture was turned over to Flores by virtue of a conditional sale contract, and not merely because of the confidence that the seller of the said furniture might have in him. As we have held in the case of *Montalvo* v. *Valdivieso*, 38 P.R.R. 487, the buyer in a conditional sale is the real owner of the goods bought, but his title may be defeated upon the occurrence of the event on which the contract is conditioned. In some jurisdictions, as in California, amendments have been made to the Penal Code to include within the scope of embezzlement acts similar to those which are attributed to the appellant, and in others a new offense has been created.

For the reasons stated, we are of the opinion that the complaint does not charge the crime of which the appellant was convicted and that he must be acquitted.